## 35197. MEADOWS v. MOYE.

CARLISLE, J. Where, in an action for damages to a plaintiff's automobile which allegedly resulted from the negligence of one of the defendant's employees in servicing the plaintiff's automobile, the trial court, sitting without the intervention of a jury, is authorized to find from the evidence adduced on the trial that the defendant's employee, in changing the oil and the oil filter in the plaintiff's automobile, negligently fitted the gasket on the oil filter so as to permit four of the seven quarts of oil placed in the motor to escape; that to operate an automobile for a distance of one mile without oil in the motor would ruin it and that to repair such damage to the motor so caused would require replacing the rings, pin and connecting rod, and crankshaft, which would cost approximately $250; that the plaintiff had operated his automobile for a distance of approximately fifteen miles when the motor began to knock; that he immediately brought the automobile to a stop and observed that the oil pressure indicator showed that there was no oil pressure, and the oil stick, when placed in the motor at that time and place, indicated that there was no oil in the motor; that in automobiles of the type owned by the plaintiff, one of the seven quarts of oil which they normally carry always remains in the filter; that when four quarts of oil had escaped, one quart of the remaining three quarts was in the filter and the other two were in the oil pan of the motor; that with less than three quarts in the oil pan, the oil pump will not lubricate the motor; that the plaintiff operated his automobile without oil in the motor for a sufficient distance to cause the motor to start knocking and that this damaged his motor to such an extent that it will cost at least $250 to put it in the same condition that it was prior to the negligence of the defendant's employee in fitting the filter gasket; and that the employee's negligence was the proximate cause of the

damage, a verdict for the plaintiff and against the defendant in the amount of $250 is authorized by the evidence. The trial court, consequently, did not err in denying the motion for new trial based upon the general grounds and two special grounds which are but elaborations of the general grounds. *Powell* v. *Blackstock,* 64 *Ga. App.* 442 (13 S. E. 2d 503).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

• DECIDED JULY 7, 1954—REHEARING DENIED JULY 21, 1954.

*Carter, Latimer & Savell, A. Ed Lane, Jr.,* for plaintiff in error. *Edward T. Brock,* contra.